United States District Court
Southern District of Texas

**ENTERED**

August 11, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD MCMILLAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1215 |
| | § | |
| MEMORIAL HERMANN HEALTH SYSTEM, | § | |
| S.J. CLEVELAND, | § | |
| ASAAD ABDELMESSIAH, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendant Asaad Abdelmessiah's[2] ("Abdelmessiah") Motion for Summary Judgment (Doc. 41) and Defendant S.J. Cleveland's ("Cleveland") Motion for Summary Judgment (Doc. 42). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that both motions be **GRANTED.**

### I.   Case Background

Plaintiff filed this civil rights action against Memorial Hermann Health System ("MHHS"), Abdelmessiah, the head of security at Memorial Hermann Medical Center campus ("the

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 24, Order Dated Aug. 21, 2014.

[2]     Plaintiff's Original Petition spelled this defendant's surname "Adbelmessiah." See Doc. 1-2, Ex. A to Notice of Removal, Pl.'s Original Pet. p. 1. Per Abdelmessiah, the correct spelling is "Abdelmessiah." See Doc. 7, Certificate of Interested Parties p. 1 & n.1.

Hospital"), and Cleveland, a Houston Police Department ("HPD") officer, alleging violations of 42 U.S.C. § 1983 ("Section 1983"), a violation of 42 U.S.C. § 1985 ("Section 1985"), intentional infliction of emotional distress, and negligent hiring and supervision.

**A. Factual Background**[3]

In March 2012, Plaintiff's brother died in the emergency room at the Hospital after suffering a heart attack.[4] The Hospital took possession of the brother's personal belongings after his death.[5] Shortly thereafter, Plaintiff contacted the Hospital's consumer relations office via telephone to make arrangements to collect his brother's belongings.[6]

Plaintiff arrived as scheduled and checked in at the Hospital's front desk, explaining that he had arranged with another staff member to pick up his brother's belongings.[7] Although it was originally thought that Plaintiff's brother's belongings had been lost, Plaintiff was informed that his

---

[3]   This is not a full recounting of the alleged facts. Rather, it is a summary of the facts recounted in the prior Memorandum and Recommendation. See Doc. 29, Mem. & Recommendation Dated Nov. 19, 2014 pp. 2–10.

[4]   Doc. 15, Pl.'s 1st Am. Compl. p. 11.

[5]   Id.

[6]   Id.

[7]   Id. p. 13.

brother's belongings had been found.[8]  A staff member then agreed to complete the necessary paperwork and deliver it to the security office, where Plaintiff could retrieve the belongings.[9]

Upon arriving at the security office, Plaintiff addressed Abdelmessiah, a supervisor in the Hospital's security department, through the office's protective glass window.[10]  Abdelmessiah confirmed that security had located the belongings, but he refused to deliver them to Plaintiff because "there may be an existing dispute over the items' ownership sufficient to withhold [them] specifically from Plaintiff."[11]  A disagreement ensued, the result of which was Abdelmessiah's summoning of Cleveland, who was patrolling the hospital's grounds at the time.[12] Plaintiff was detained and arrested by Cleveland.[13]  During his arrest, Plaintiff was repeatedly told to "stop resisting."[14] Following his arrest, Plaintiff was seated and handcuffed in the back room of the Hospital's security office.[15]  In the course of

---

[8]   Id.

[9]   Id. p. 14.

[10]   Id.

[11]   Id. pp. 14-15.

[12]   Id. pp. 16-19.

[13]   Id. pp. 21-23.

[14]   Id. p. 21.

[15]   Id. p. 23.

his arrest, Plaintiff sustained a cut on his head which bled into his eyes.[16]   Ultimately, Plaintiff was detained for thirty hours, although no criminal charges were ever filed against him.[17]

While Plaintiff was in custody, the daughter of his deceased brother's girlfriend, who differed from Plaintiff only in gender and relationship to the deceased, retrieved the belongings without incident.[18]

**B. Procedural Background**

Plaintiff filed this action in Texas state court on April 7, 2014.[19]   On May 2, 2014, MHHS removed the action to this court based on federal question jurisdiction prior to any other defendant being served.[20]   In addition to MHHS, Plaintiff originally filed suit against Cleveland and Abdelmessiah, as well as three unnamed Hospital security guards and an unnamed Hospital staff member who appeared during Plaintiff's detention.[21]

On May 9, 2014, MHHS filed a motion to dismiss the petition for failure to state a claim, but withdrew the motion after

---

[16]   Id. pp. 23-24.

[17]   Id. pp. 26-27.

[18]   Id.

[19]   See Doc. 1-2, Ex. A to Notice of Removal, Pl.'s Original Pet.

[20]   See Doc. 1, Notice of Removal p. 2.

[21]   See Doc. 1-2, Ex. A to Notice of Removal, Pl.'s Original Pet. p. 2.

Plaintiff amended his complaint.[22] In the amended complaint, filed on June 4, 2014, Plaintiff dropped several parties and causes of action.[23]

As to Cleveland, sued in his individual and official capacities, Plaintiff's amended complaint raised Section 1983 claims for violation of his Fourth Amendment and Fourteenth Amendment rights and a Section 1985 claim for conspiracy to violate Plaintiff's constitutional rights.[24] Against Abdelmessiah, Plaintiff raised a Section 1983 claim for violation of his Fourteenth Amendment rights, a Section 1985 claim, and intentional infliction of emotional distress ("IIED").[25] Against MHHS, Plaintiff raised a claim of negligent hiring and supervision under Texas law.[26]

On June 13, 2014, Abdelmessiah and MHHS filed a joint motion to dismiss Plaintiff's amended complaint.[27] Plaintiff responded, albeit belated by a few days, and Abdelmessiah and MHHS

---

[22]   See Doc. 4, MHHS's Mot. to Dismiss; Doc. 12, Unopposed Mot. to Withdraw Mot. to Dismiss.

[23]   Compare Doc. 15, Pl.'s 1st Am. Compl. with Doc. 1-2, Ex. A to Notice of Removal, Pl.'s Original Pet.

[24]   See Doc. 15, Pl.'s 1st Am. Compl. pp. 28-42.

[25]   See id. pp. 35-43.

[26]   See id. pp. 43-47.

[27]   See Doc. 16, Abdelmessiah & MHHS's Mot. to Dismiss.

replied.[28]   On  July  29,  2014,  Cleveland  filed  a  motion  to dismiss.[29]  On  August  20,  2014,  Plaintiff  belatedly  responded  to Cleveland's  motion  with  leave  of  court.[30]

The  court  entered  a  Memorandum  and  Recommendation  on  the pending  dispositive  motions,  and  neither  Plaintiff  nor  any defendant  filed  objections.   By  adoption  of  the  Memorandum  and Recommendation,  the  court  granted  Cleveland's  motion  to  dismiss as  to  Plaintiff's  claims  against  Cleveland  in  his  official capacity  and  Plaintiff's  Section  1985  claim  that  Cleveland conspired  with  Abdelmessiah  to  violate  Plaintiff's  constitutional rights  to  medical  treatment  and  due  process.[31]   Furthermore,  the court  granted  Abdelmessiah  and  MHHS's  motion  to  dismiss:  (1) Plaintiff's  claim  against  Abdelmessiah  for  IIED;  (2)  Plaintiff's claim  against  MHHS  for  negligent  hiring  and  supervision;  (3) Plaintiff's  Section  1983  claim  that  Abdelmessiah  violated Plaintiff's  constitutional  right  to  due  process;  and  (4) Plaintiff's  Section  1985  claim  that  Abdelmessiah  conspired  with

---

[28]     See Doc. 17, Pl.'s Resp. to Abdelmessiah & MHHS's Mot. to Dismiss; Doc. 19, Abdelmessiah & MHHS's Reply.

[29]     See Doc. 20, Cleveland's Mot. to Dismiss.

[30]     See Doc. 23, Pl.'s Resp. to Cleveland's Mot. to Dismiss; Doc. 28, Order Dated Sept. 12, 2014.

[31]     See Doc. 29, Mem. & Recommendation Dated Nov. 19, 2014 p. 39; Doc. 30, Order Dated Dec. 16, 2014.

Cleveland to violate Plaintiff's constitutional rights to medical treatment and procedural due process.[32]

Following the court's ruling, the remaining claims are: (1) Plaintiff's Section 1985 claims that Abdelmessiah and Cleveland conspired to violate Plaintiff's constitutional rights to equal protection, to be free from false arrest, and to be free from the use of excessive force; (2) Plaintiff's Section 1983 claim that Abdelmessiah violated Plaintiff's right to equal protection; and (3) Plaintiff's Section 1983 claim that Cleveland failed to provide Plaintiff with medical care.[33]   Also pending are Plaintiff's Section 1983 claims against Cleveland for violations of Plaintiff's constitutional rights to equal protection and due process and to be free from excessive force.[34]

Plaintiff's attorney moved to withdraw in June 2015.[35]   A scheduling conference was held, which Plaintiff's counsel attended by phone.[36]   Plaintiff's counsel represented that she had explained to Plaintiff the meaning of proceeding pro se and that Plaintiff wanted to do so until other counsel could be

---

[32]    See Doc. 29, Mem. & Recommendation Dated Nov. 19, 2014 p. 39; Doc. 30, Order Dated Dec. 16, 2014.

[33]    See Doc. 29, Mem. & Recommendation Dated Nov. 19, 2014 p. 39; Doc. 30, Order Dated Dec. 16, 2014.

[34]    See Doc. 29, Mem. & Recommendation Dated Nov. 19, 2014 pp. 39-40.

[35]    See Doc. 36, Unopposed Mot. to Withdraw as Counsel pp. 1-3.

[36]    See Doc. 38, Min. Entry Dated June 29, 2015.

retained.[37]   The   court   granted   the   attorney's   motion   to
withdraw.[38]

Within a few months of that ruling, discovery commenced, and
both Abdelmessiah and Cleveland served Plaintiff Requests for
Admission   ("RFAs").[39]   The   deadline   for   responses   to
Abdelmessiah's RFAs was October 12, 2015, and the deadline for
responses to Cleveland's RFAs was November 15, 2015.[40] As of the
date on which the motions were filed, Plaintiff had not responded
to the RFAs, served initial disclosures, requested additional
time, or participated in any way in discovery.[41]

Motions for summary judgment were filled by Abdelmessiah and
Cleveland on Plaintiff's remaining claims.[42]   Plaintiff did not
respond to Abdelmessiah and Cleveland's motions for summary
judgment.   On July 21, 2016, the court emailed the parties to

---

[37]   See Doc. 36, Unopposed Mot. to Withdraw as Counsel pp. 1-3.

[38]   See Doc. 40, Order Dated June 29, 2015.

[39]   See Doc. 41-2, Ex. B to Abdelmessiah's Mot. for Summ. J., Decl. of Hector R. Chavez p. 1; Doc. 42-5, Ex. A to Cleveland's Mot. for Summ. J., Decl. of Van Gardner, pp. 1-2.

[40]   See Doc. 41-2, Ex. B to Abdelmessiah's Mot. for Summ. J., Decl. of Hector R. Chavez p. 1; Doc. 42-5, Ex. A to Cleveland's Mot. for Summ. J., Decl. of Van Gardner, p. 2.

[41]   See Doc. 41-2, Ex. B to Abdelmessiah's Mot. for Summ. J., Decl. of Hector R. Chavez, pp. 1-2; Doc. 42-5, Ex. A to Cleveland's Mot. for Summ. J., Decl. of Van Gardner, p. 2.

[42]   See Doc. 41, Abdelmessiah's Mot. for Summ. J.; Doc. 42, Cleveland's Mot. for Summ. J.

inquire about the status of the case.[43]   Neither Plaintiff nor
any defendant responded to the inquiry.   Plaintiff has not been
in communication with the court since his attorney withdrew in
June 2015.   The court now addresses the pending motions for
summary judgment.

### I.   Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that
no genuine dispute exists on any material fact and the moving
party is entitled judgment as a matter of law.   Fed. R. Civ. P.
56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);
Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014).   A
material fact is a fact that is identified by applicable
substantive law as critical to the outcome of the suit.   Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet
Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th
Cir. 2001).   To be genuine, the dispute regarding a material fact
must be supported by evidence such that a reasonable jury could
resolve the issue in favor of either party.   See Royal v. CCC &
R. Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)
(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the
summary judgment motion and must point to relevant excerpts from

---

[43]     See Dkt. Entry Dated July 21, 2016.

pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman 954 F.2d 1125, 1131 (5th Cir. 1992). The movant may meet this burden by demonstrating an absence of evidence in support of one or more elements of the case for which the nonmovant bears the burden of proof. See Celotex Corp., 477 U.S. at 322; Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1074 (5th Cir. 1997).

If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 ((citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)). If the evidence would not allow a reasonable jury to decide the dispute in favor of the nonmovant, the dispute is not genuine. See Scott v. Harris, 550 U.S. 372, 380 (2007)(citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

## I.  Analysis

Abdelmessiah and Cleveland seek summary judgment based on deemed admissions resulting from Plaintiff's failure to respond to Abdelmessiah and Cleveland's RFAs.[44]  The court sua sponte

---

[44]   See Doc. 41-2, Decl. of Hector R. Chavez pp. 1-2; Doc. 42-5, Decl. of Van Gardner pp. 1-3.

additionally considers whether Plaintiff has ceased to prosecute this case.

**A. Deemed Admissions**

Federal Rule of Civil Procedure ("Rule") 36(a)(3) provides that a matter is admitted if the party that was served fails to respond within thirty days.  Furthermore, "[a] matter admitted [under Rule 36] is conclusively established."  Fed. R. Civ. P. 36(b).  RFAs may address "facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1)(A).

The purpose of Rule 36 is to "narrow the issues to be resolved at trial."  <u>Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.</u>, 930 F.2d 1117, 1121 (5th Cir. 1991) (quoting <u>United States v. Kasuboski</u>, 834 F.2d 1345, 1350 (7th Cir. 1987)).  The Fifth Circuit has strictly applied the plain language of Rule 36.  <u>See</u> <u>In re Carney</u>, 258 F.3d 415, 418 (5th Cir. 2001).

Facts admitted through deemed admission may answer the main factual issue of a case.  <u>See</u> <u>id</u> at 421.  Thus, failure to comply with the rules of procedure may preclude a party from being able to present his case.  <u>See</u> <u>id.</u> at 422.  Therefore, facts conclusively established through deemed admissions can provide sufficient proof for summary judgment.  <u>See</u> <u>Hulsey v. Tex.</u>, 929 F.2d 168, 171 (5th Cir. 1991).

Plaintiff failed to answer either Abdelmessiah or Cleveland's RFAs. Since Plaintiff's counsel withdrew, Plaintiff has taken no action to progress this lawsuit, whether that be in the form of responding to discovery requests or communicating with the court. Furthermore, Plaintiff failed to request an extension of time to respond to the RFAs or to move for the withdrawal of the admissions. Therefore, due to Plaintiff's unresponsiveness, the court deems admitted all statements in Abdelemessiah and Cleveland's RFAs. Thus, the statements are all conclusively established. At the summary judgment stage, Plaintiff no longer may rely on allegations but, rather, is required to provide some evidence to support his claims.

**1. Section 1985 Claims**

Pursuant to Section 1985(3), it is illegal for "two or more persons in any State or Territory [to] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The elements of a prima facie case are taken directly from the statute:

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

<u>Hilliard v. Ferguson</u>, 30 F.3d 649, 652-53 (5th Cir. 1994).  The language of Section 1985(3) requires that the conspirators' actions be driven by discrimination based on race or some other protected classification.  <u>Bryant v. Military Dep't of Miss.</u>, 597 F.3d 678, 687 (5th Cir. 2010)(citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

Plaintiff alleged that Abdelmessiah and Cleveland violated Section 1985 by conspiring to deprive Plaintiff of his constitutional rights to equal protection, to be free from false arrest, and to be free from excessive force.  Plaintiff produced no evidence in response to the pending summary judgment motions and is deemed to have admitted he cannot prove that: (1) Abdelmessiah and Cleveland conspired to violate Plaintiff's constitutional rights; (2) Abdelmessiah and Cleveland entered a pre-arranged plan to arrest Plaintiff; (3) Abdelmessiah or Cleveland made any statements concerning Plaintiff's race, ethnicity, or gender; (4) Cleveland treated Plaintiff differently because of race, ethnicity, national origin, creed, or color; or (5) Abdelmessiah treated Plaintiff differently because of race, class, gender, and/or cultural group.[45]

---

[45]    Doc. 41-2, Ex. B to Abdelmessiah's Mot. for Summ. J., Decl. of Hector R. Chavez, Ex. A, Abdelmessiah's 1st Set of RFAs, Reqs. 6-8, 15, 20, 22, 25, 26; Doc. 42-1, Ex. 1 to Cleveland's Mot. for Summ. J., Cleveland's 1st Set of RFAs Reqs. 5-7, 12, 15-16, 24, 26, 28.

Thus, it is conclusively established that Abdelmessiah and Cleveland did not conspire against Plaintiff, which is a necessary element of proof for a Section 1985 claim.  See Gonzales v. H.E. Butt Grocery Co., 226 F. App'x 342, 345 (5th Cir. 2007)(unpublished)(granting summary judgment in favor of the defendant on a Section 1985 conspiracy claim because the court found no evidence of any agreement between the store or its agent and the police department or its officers).  It is also conclusively established that Abdelmessiah and Cleveland's actions were not driven by any identified discriminatory animus.

Plaintiff not only failed to meet his burden of producing evidence in support of his claim but is deemed to have admitted that he has no evidence in support of at least two required elements of his Section 1985 claim.  Summary judgment is appropriate as to Plaintiff's Section 1985 claims.

**2. Section 1983 Claims**

Section 1983 provides a remedy for constitutional violations by individuals acting under color of state law.  42 U.S.C. § 1983.  A plaintiff can establish a prima facie case under Section 1983 for the deprivation of civil rights by establishing: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law.  Doe v. Rains Cty. Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).  The statute creates no

substantive rights but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### a. Equal Protection Claim Against Abdelmessiah

Plaintiff alleged that Abdelmessiah, acting as a state actor under the nexus or "joint action" test, violated Plaintiff's Section 1983 right to equal protection.  In order to satisfy the state-action requirement in this respect, Plaintiff must show that an agreement existed between the private and public defendants to commit an illegal act that resulted in a deprivation of constitutional rights. See Priester v. Lowndes Cty., 354 F.3d 414, 420 (5th Cir. 2004)(citing Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994)).

Here, Plaintiff is deemed to have admitted he cannot prove that: (1) Abdelmessiah was a state actor or acting under color of law during the incident; (2) Abdelmessiah gave Cleveland "any command, directive, or request . . . to arrest or detain Plaintiff;" (3) that the Hospital had any policy, procedure, or custom "requiring police officers to cede decisions to arrest to private parties;" or (4) Abdelmessiah and Cleveland entered a pre-arranged plan to arrest Plaintiff.[46]

---

[46]     Doc. 41-2, Ex. B to Abdelmessiah's Mot. for Summ. J., Decl. of Hector R. Chavez, Ex. A, Abdelmessiah's 1st Set of RFAs, Reqs. 12, 13, 16, 20, 21, 24, 25. Additionally, in an uncontested declaration, Abdelmessiah affirmed both that he did not request or direct Cleveland to arrest Plaintiff or to use any force against Plaintiff and that no "policy, plan, arrangement, agreement, or

Thus, it is conclusively established that no agreement existed between Abdelmessiah, a private actor, and Cleveland, a public actor, to commit an illegal act against Plaintiff. Plaintiff has failed to meet his burden of producing evidence and is deemed to have admitted that he has no evidence. Summary judgment is appropriate as to Plaintiff's Section 1983 equal protection claim against Abdelmessiah.

### b. Equal Protection Claim Against Cleveland

In order to state a claim under the Equal Protection Clause, a plaintiff first must allege "that two or more classifications of similarly situated persons were treated differently" by a state actor. <u>Gallegos-Hernandez v. United States</u>, 688 F.3d 190, 195 (5th Cir. 2012). If successful, the court determines the appropriate level of scrutiny for the classification made. <u>Id.</u>

Plaintiff alleged that he was treated differently from deceased individuals' relatives of different race, gender, class, culture, attire, appearance and/or social group. As an example, he pointed to the success of an unrelated woman who was able to collect Plaintiff's brother's belongings "with minor incident except for the continued environment of general misfeasance."[47]

---

conspiracy" ever existed between Abdelmessiah and any police officer "to arrest hospital visitors, to use force against them, or to treat them in any discriminatory manner." Doc. 41-1, Ex. A to Abdelmessiah's Mot. for Summ. J., Decl. of Abdelmessiah ¶¶ 7-8.

[47]    Doc. 15, Pl.'s 1st Am. Compl. p. 37.

In another portion of the complaint, though, Plaintiff stated, "The only significant differences between Plaintiff and this non-relative [were] gender and actual relationship to the deceased."[48]

Plaintiff produced no evidence in support of his equal protection claim and is deemed to have admitted: (1) Cleveland never made any statements concerning Plaintiff's race, ethnicity, or gender; (2) Plaintiff has no evidence to support any factual or legal allegations against Cleveland; (3) Cleveland did not treat Plaintiff differently because of race, ethnicity, national origin, creed, or color; (4) Cleveland did not violate Plaintiff's constitutional right to equal protection; and (5) the non-relative who retrieved Plaintiff's belongings was of the same race as Plaintiff.[49]

Because of his deemed admissions, Plaintiff cannot overcome the first hurdle of an equal protection claim, which requires proof that two or more classifications of similarly situated persons were treated differently. Therefore, summary judgment is appropriate as to Plaintiff's equal protection claim.

---

[48]     Id. p. 27.

[49]     Doc. 42-1, Ex. 1 to Cleveland's Mot. for Summ. J., Cleveland's 1st Set of RFAs Reqs. 5-7, 10, 12, 17-18, 29-30.

### c.  Medical Care Claim Against Cleveland

Arrestees and pretrial detainees have a Fourteenth Amendment due process right to "be secure in [their] basic human needs, such as medical care and safety." Hare v. City of Corinth, Miss., 74 F.3d 633, 647-48 (5th Cir. 1996); see also United States v. Gonzales, 436 F.3d 560, 573 (5th Cir. 2006). This includes the right to medical care. Kitchen v. Dallas Cty., Tex., 759 F.3d 468, 477 (5th Cir. 2014)(discussing a Fourteenth Amendment claim of excessive force); Jacobs v. W. Feliciana Sheriff's Dep't, 228 F.3d 388, 393 (5th Cir. 2000)(discussing a Fourteenth Amendment claim of failure to provide medical care).

Plaintiff alleged that Cleveland deprived him of medical care after he was injured during the arrest. Plaintiff is deemed to have admitted that: (1) "Cleveland had no legal duty to provide . . . Plaintiff medical care;" and (2) Plaintiff has no evidence to support any factual or legal allegations against Cleveland.[50]

Thus, Plaintiff has failed to meet his burden at the summary judgment stage of providing evidence to support his claim that

---

[50]      Doc. 42-1, Ex. 1 to Cleveland's Mot. for Summ. J., Cleveland's 1st Set of RFAs Reqs. 10, 13.  The court notes Cleveland's RFAs included the following statement, which Plaintiff is deemed to have admitted: "Defendant S.J. Cleveland [sic] has no evidence that Defendant S.J. Cleveland failed to provide (as alleged in Plaintiff's Section 1983 claim) to provide Plaintiff with medical care."  Although the court assumes that Cleveland intended for the RFA to read that "*Plaintiff* has no evidence that Defendant S.J. Cleveland failed to provide . . . Plaintiff with medical care," the court is not at liberty to deem admitted a statement not included in the unanswered RFAs.

Cleveland violated Plaintiff's constitutional right to medical care and is deemed to have admitted that he has no evidence. Summary judgment is appropriate as to Plaintiff's Section 1983 claim that Cleveland deprived him of medical care.

### d. Excessive Force Claim Against Cleveland

In order to establish an excessive force claim, a plaintiff must show: (1) an injury; (2) that resulted directly from the use of force that was excessive; and (3) the force used was unreasonable. <u>Carnaby v. City of Hous.</u>, 636 F.3d 183, 187 (5th Cir. 2011)(citing <u>Freeman v. Gore</u>, 483 F.3d 404, 416 (5th Cir. 2007)).

Plaintiff alleged that Cleveland utilized excessive force to detain him. Yet, Plaintiff is deemed to have admitted that: (1) Cleveland did not use excessive force at any time during the incident; (2) Plaintiff has no evidence to support any factual or legal allegations against Cleveland; (3) Cleveland did not violate Plaintiff's constitutional right to be free from the use of excessive force; and (4) prior to arresting Plaintiff, Cleveland gave Plaintiff several lawful commands, which Plaintiff refused to obey.[51]

Thus, Plaintiff has failed to meet his burden on summary judgment of providing any evidence to support his excessive force

---

[51]    Doc. 42-1, Ex. 1 to Cleveland's Mot. for Summ. J., Cleveland's 1st Set of RFAs Reqs. 10, 12, 21-23.

claim and, in fact, has admitted he has none.   Summary judgment is appropriate as to Plaintiff's excessive force claim.

### e. False Arrest Claim Against Cleveland

Claims of false arrest and false imprisonment both rely on the absence of probable cause.   Haggerty v. Tex. S. Univ., 391 F.3d 653, 655-65 (5th Cir. 2004); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001).   A warrantless arrest must be supported by "probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). The standard for the existence of probable cause is an objective one requiring that the officer draw a reasonable conclusion from the facts available to him at the time of the arrest.   Id.; see also Blackwell v. Barton, 34 F.3d 298, 303 (5th Cir. 1994) (stating that probable cause exists if a reasonable person, based on the facts available at the time, would believe that an offense has been committed and that the individual being arrested is the guilty party).

Plaintiff alleged that Cleveland violated his right to be free from false arrest because he acted at the behest of Abdelmessiah without probable cause.   The deemed admissions establish: (1) Plaintiff has no evidence to support any factual or legal allegations against Cleveland; (2) Cleveland did not violate Plaintiff's constitutional right to be free from false arrest; and (3) prior to arresting Plaintiff, Cleveland gave

Plaintiff several lawful commands, which Plaintiff refused to obey.[52]

Plaintiff has admitted that he has no evidence to support his claim and has failed to meet his burden on summary judgment. Summary judgment is appropriate as to Plaintiff's false arrest claim.

### f. Due Process Claim Against Cleveland

The Due Process Clause encompasses both procedural and substantive rights. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). The constitutional guarantee of procedural due process includes, at a minimum, notice and an opportunity to be heard in a meaningful time and manner. Gibson v. Tex. Dept. of Ins.-Div. of Workers' Compensation, 700 F.3d 227, 239 (5th Cir. 2012)(quoting Fuentes v. Shevin, 407 U.S. 67, 80 (1972)). The constitutional guarantee of due process also includes a substantive component that protects individuals from arbitrary or conscience-shocking executive action. See Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 867 (5th Cir. 2012)(quoting Cty. of Sacramento, 523 U.S. at 847).

In addressing the prior dispositive motions, the court found that Plaintiff conceded in briefing that he was not seeking damages based on either a procedural or a substantive due process

---

[52]    Doc. 42-1, Ex. 1 to Cleveland's Mot. for Summ. J., Cleveland's 1st Set of RFAs Reqs. 10, 17, 22-23.

violation.[53]   The court further found that a due process claim
would fail even if Plaintiff had not abandoned it because he
failed to allege facts to support all elements of a procedural
due process claim and because a substantive due process claim
cannot survive where an explicit constitutional provision
provides the protection sought.[54]   Plaintiff did not object to
the court's findings.   However, the court did not dismiss
Plaintiff's due process claim against Cleveland because Cleveland
did not move for dismissal of that claim.[55]

To the extent that a due process claim remains in the action
against Cleveland, Plaintiff is deemed to have admitted that: (1)
Plaintiff has no evidence to support any factual or legal
allegations against Cleveland; (2) Cleveland did not violate
Plaintiff's constitutional right to due process.[56]

Without any evidence that Cleveland violated Plaintiff's due
process rights, Plaintiff's claim cannot survive.   Summary
judgment is appropriate as to Plaintiff's due process claim.

**B. Failure To Prosecute**

---

[53]   See Doc. 29, Mem. & Recommendation Dated Nov. 19, 2014 p. 29 n.90.

[54]   See id.

[55]   See id. p. 40 n.103.

[56]   Doc. 42-1, Ex. 1 to Cleveland's Mot. for Summ. J., Cleveland's 1st Set of RFAs Reqs. 10, 17, 19.

Rule 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," the court may dismiss the action. However, mere negligence is not enough to support a dismissal under Rule 41(b). See Coleman v. Sweetin, 745 F.3d 756, 767 (5th Cir. 2014)(finding that the plaintiff's failure to provide a current address for a defendant not sufficient to support a record of clear delay or contumacious conduct sufficient to warrant dismissal). On the other hand, a clear record of delay . . . [can] justify a Rule 41(b) dismissal." Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982); see also Coleman, 745 F.3d at 767. The court also needs to consider whether lesser sanctions would "serve the best interests of justice." Coleman, 745 F.3d at 767. A district court may dismiss a complaint for failure to prosecute "even without affording notice of its intention to do so or providing an adversary hearing before acting." Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962).

In this case, Plaintiff's collective inactions provide a clear record of delay. Following Plaintiff's counsel's withdrawal in June 2015, Plaintiff has not taken any steps to further his lawsuit. Plaintiff has not responded to discovery requests; he has not responded to motions; he has not filed any documents or made contact with the court; and he failed to respond to the email of the court.

Furthermore, Plaintiff is "personally responsible for the delay" because he chose to proceed pro se after his withdrawing attorney explained the responsibilities of doing so.  Lastly, lesser sanctions would not serve the best interests of justice because Plaintiff has completely disappeared and is no longer pursuing this action.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Abdelmessiah's motion for summary judgment and Cleveland's motion for summary judgment both be **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>11th</u> day of August, 2016.

U.S. MAGISTRATE JUDGE